```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TYRONE MINTON,                          :
                                        :
                         Petitioner,    :    10 Civ. 5140 (DLC)
                                        :
             -v-                        :    MEMORANDUM
                                        :    OPINION & ORDER
THOMAS LaVALLEY, Superintendent of      :
Great Meadow Corr. Fac.,                :
                                        :
                         Respondent.    :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

Petitioner Tyrone Minton ("Minton" or "petitioner") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  That statute provides that "a[ny] person in custody pursuant to the judgment of a State court" must first exhaust all available remedies in state court before pursuing federal habeas review.  28 U.S.C. § 2254(b)(1)(A).  Moreover, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all habeas petitions brought under 28 U.S.C. § 2254 must be filed no later than one year after the completion of state court direct review.  Id. § 2244(d)(1)(A).  Direct review is deemed complete upon the expiration of the 90-day period in which any petition for writ of certiorari to the U.S. Supreme Court may be filed.  Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001).

After his judgment of conviction was affirmed by the Appellate Division, People v. Minton, 52 A.D.3d 234 (1st Dep't 2008), Minton was denied leave to appeal by the New York Court of Appeals on September 11, 2008.[1]  People v. Minton, 11 N.Y.3d 791, 791 (2008).  Therefore, Minton's judgment of conviction became final within the meaning of the AEDPA on December 10, 2008, leaving him one year thereafter to file any federal habeas petition.

Minton's petition was received by this Court's Pro Se Office on April 27, 2010.  In his petition, Minton explains that, on December 1, 2009, he filed a petition for a writ of error coram nobis in state court.  This coram nobis petition tolled the one-year statute of limitations, which otherwise would have expired on December 10.  See 28 U.S.C. § 2244(d)(2) (providing for tolling while "a properly filed application for State post-conviction or other collateral review . . . is pending").  Minton concedes that he has not yet received a decision on his coram nobis petition, and therefore, that the claims he has asserted in that petition have not yet been exhausted in state court.  Minton therefore requests that this petition "be held in abeyance" pending the completion of state court collateral review.

---

[1] In his petition, Minton supplies this date as September 9, 2008.  A review of the pertinent court records reveals, however, that the correct date is September 11, 2008.

In a statement attached to his habeas petition, Minton enumerates six grounds of error.  These grounds include: (1) improper allowance of the prosecution's reverse Batson challenge; (2) legally insufficient evidence to support a conviction for robbery in the second or third degrees; (3) improper admission of the prosecution's hearsay evidence; (4) improper exclusion of defendant's post-arrest exculpatory statement; (5) failure to declare a mistrial when the trial court advised the jury that someone associated with the defense had initiated contact with a juror; and (6) ineffective assistance of trial counsel.  Minton represents that one or more of these claims have already been exhausted on direct appeal, including in particular his sixth claim concerning ineffective assistance of trial counsel.  See, e.g., Minton, 52 A.D.3d at 235-36 (rejecting Minton's ineffective assistance claims). Minton's petition is therefore a "mixed" petition, i.e., a "petition containing some claims that have been exhausted in the state courts and some that have not."  Rhines v. Weber, 544 U.S. 269, 271 (2005).

"District courts . . . have authority to issue stays where such a stay would be a proper exercise of discretion."  Id. at 276 (citation omitted).  Under Rhines, a court may properly exercise this discretion by staying, rather than dismissing, a mixed petition assuming, inter alia, that "there is no

3

indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id. at 278; see also Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001) (holding that, post-AEDPA, a district court has discretion to stay mixed petitions pending exhaustion).  "A mixed petition should not be stayed indefinitely," however, and "district courts should place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78; see also Zarvela, 254 F.3d at 381 (observing that if a district court elects to stay a mixed petition, "it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval . . . and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.").  Accordingly, it is hereby

ORDERED that Minton's petition is stayed pending state court review of his unexhausted claims.  The respondent need not answer the petition at this time.  <u>Minton shall, within thirty (30) days after the state court renders its final decision, make an application by letter to this Court in order to restore this action to the Court's calendar.</u>  Upon receipt of such a letter application, and assuming all of Minton's claims were properly exhausted, the Court will then issue a scheduling order directing the respondent to answer the petition.

IT IS FURTHER ORDERED that Minton is reminded that, if he does not make an application by letter to this Court within thirty (30) days following the completion of state court review, this petition may be dismissed as untimely restored under <u>Rhines</u> and <u>Zarvela</u>.

IT IS FURTHER ORDERED that Minton is advised that, if this petition were to be dismissed, any subsequent petition that he files in federal court may be dismissed as time-barred under 28 U.S.C. § 2244(d) and/or treated as a second or successive petition under 28 U.S.C. § 2244(b).

SO ORDERED:

Dated: New York, New York
July 12, 2010

  
DENISE COTE
United States District Judge

COPIES SENT TO:

Tyrone Minton
No. 05-A-6244
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821-0051

Thomas LaValley
Superintendent
Great Meadow Correctional Facility
11739 State Route 22
P.O. Box 51
Comstock, NY 12821-0051

Robert T. Johnson
District Attorney, Bronx County
198 East 161st Street
Bronx, NY 10451